Dear Mr. Lynch:
Your opinion request asked if a proposed retreat by the Board of the East Jefferson General Hospital in Scottsdale Arizona would be a violation of the states' Open Meetings Law (La. R.S. 42:1-42:12). The particulars of the retreat are contained in a newspaper article attached to your opinion request.
La. R.S. 42:4.2 A(1) defines meetings subject to the Open Meetings Law as follows:
 "Meeting" means the convening of a quorum of a public body to deliberate or Act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power."
This office, in an earlier opinion numbered 89-265, dealing with the same East Jefferson Hospital Board, stated that a mere suspicion that business would be discussed or deliberations had at a retreat would be insufficient for our office to conclude that training seminars and retreats are included in the definition of "meeting" of R.S. 42:4.2. A copy of that opinion is enclosed for your reference.
The fact situation presented in your request, however, requires that we reach a different result.
The following listed facts lead us to conclude that this retreat is indeed subject to the state's Open Meetings Law.
 1. All 12 board members will go on the trip thereby assuring a quorum.
 2. A seven-member executive management team and at least two representatives from the medical committee will go on the trip.
 3. The avowed purpose of the trip, according to the Board's president is to maintain the "work momentum" now that the vision statement has been written so that it is fulfilled by 2000."
The vision statement referred to is a plan for the future of the hospital. It is apparent that the board intends to use the retreat as a forum or workshop for continued planning for the hospital thereby coming within the definition of a public meeting contained in R.S. 42:4.2 A(1);
 "to deliberate or act on a matter over which the public body has supervision . . .
 "to receive information regarding a matter over which the public body has supervision . . .
The planning of the future of the hospital to the year 2000 is such a matter.
In our opinion, the proposed retreat is an activity covered by Louisiana's Open Meetings Law.
Trusting the foregoing answers your question, we remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ JAMES M. ROSS Assistant Attorney General